# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ADAM SAVETT, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ANTHEM, Inc., an Indiana corporation,<br><br>*Defendant*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Adam Savett brings this Class Action Complaint and Demand for Jury Trial against Defendant Anthem, Inc., to stop its practice of placing prerecorded telephone calls to consumers' phone numbers regardless of whether consumers have been reassigned to a new subscriber and to obtain redress for all persons injured by Anthem's conduct. Savett alleges as follows upon personal knowledge as to himself and his own acts and experiences and as to all other matters upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Anthem is a health insurance company that placed telephone calls featuring a prerecorded voice to consumers' residential telephone lines throughout the nation.

2. Anthem made these calls to consumers' phones indefinitely regardless of whether the phone numbers had been reassigned to new subscribers and thus no longer belonged to the same consumers who enrolled in the first place.

3. Consequently, Anthem routinely made prerecorded calls to consumers—like Savett—whose phone numbers previously belonged to someone else.

4. The Telephone Consumer Protection Act, 47 U.S.C. § 227, prohibits companies from making prerecorded telephone calls to individuals without their prior express consent. To satisfy the TCPA, such consent must come from the actual, current subscriber of the phone number, not from the former subscriber.

5. According to the FCC, the "unwitting recipients of reassigned numbers" often "face a barrage of telemarketing voice calls and texts along with debt collection calls [which] pose a unique concern for consumers [and] are exactly the types [of calls] that the TCPA is designed to stop."[1]

6. For these reasons, Anthem, which has failed to implement proper policies or protocols to identify and scrub reassigned numbers from its database, systematically violates the TCPA by placing prerecorded phone calls to recycled phone numbers (including Savett's phone number) without consumers' consent. These TCPA violations have caused Savett and the putative class to suffer actual harm, including the violation of their statutory rights and the aggravation, nuisance, and invasion of privacy that necessarily accompany unsolicited phone calls.

7. As such, Savett seeks an injunction requiring Anthem to cease placing prerecorded telephone calls to consumers nationwide, as well as an award of statutory damages, costs, and reasonable attorneys' fees.

---

[1] Federal Communications Commission, *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (2015).

## PARTIES

8. Plaintiff Adam Savett is a natural person and a citizen of Ohio.

9. Defendant Anthem Inc. is a corporation organized and existing under the laws of Indiana, with its principal place of business at 120 Monument Circle, Indianapolis, Indiana 46204. Anthem conducts business in this district, in Ohio, and in the United States.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

11. This Court has personal jurisdiction over Anthem because it conducts business in Ohio and the wrongful conduct giving rise to this case occurred in, was directed to, or emanated from this district.

12. Venue is proper under 28 U.S.C. § 1391(b) because Anthem regularly conducts business in this district and because Savett resides here.

## COMMON FACTUAL ALLEGATIONS

13. Anthem is a health insurance company that placed prerecorded phone calls to consumers' residential telephone lines without their prior express consent.

14. Companies existing customers often welcome such phone calls. But problems arise when companies place these prerecorded telephone calls to people who never signed up—specifically, people who, through no fault of their own, happen to have been assigned a telephone number that was previously assigned by their carrier to someone else.

15. Indeed, more than 37 million people receive a recycled phone number every year. Unfortunately, many of these consumers now receive streams of unwanted and unsolicited phone calls that are intended for others, all because the businesses fail to update their databases by

"scrubbing" (i.e., removing) recycled numbers.

16. Numerous commercial services exist to help businesses identify and remove recycled numbers from their calling lists. Some offer Direct-to-Carrier access to verify—either individually or in bulk—current subscriber information that shows whether specific telephone numbers have been reassigned.

17. The FCC has emphasized that businesses can use their own resources to determine whether the phone numbers in their consumer databases have been reassigned:

> [T]he TCPA does not prohibit calls to reassigned wireless numbers, or any wrong number call for that matter. Rather, it prescribes the method by which callers must protect consumers if they choose to make calls using an autodialer, a prerecorded voice, or an artificial voice. In other words, nothing in the TCPA prevents callers from manually dialing. Callers could remove doubt by making a single call to the consumer to confirm identity. Even if the consumer does not answer, his or her voicemail greeting might identify him or her. Callers can also email consumers to confirm telephone numbers.

Federal Communications Commission, *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (2015).

18. Despite the multiple methods by which companies may identify recycled telephone numbers, many businesses—like Anthem—ignore these methods and place calls without taking the steps necessary to ensure that they are calling only intended recipients.

19. Anthem placed prerecorded telephone calls to its existing customers.

20. Anthem did not take any steps to purge its calling lists of recycled numbers or to ensure that it placed telephone calls featuring a prerecorded voice only to consumers that opted-in to receive them.

21. As a result, Anthem routinely places telephone calls to phone numbers that have been recycled and reassigned to new individuals that have never provided Anthem their consent to receive them.

22. By placing these prerecorded calls to reassigned residential telephone numbers, Anthem has caused consumers actual harm. Savett and class members suffered injuries in the form of invasion of privacy and violations of their statutory rights, the aggravation that necessarily accompanies receiving unsolicited calls, the diminished value and utility of their telephone equipment and telephone subscription services (i.e., the value of such equipment and services is higher when unencumbered by repeated and harassing calls), and the wear and tear on their telephone equipment.

## FACTS RELATING TO PLAINTIFF

23. Since at least 2009, Savett has had the same landline telephone number. He has never directly done business with Anthem, has never provided Anthem his phone number, and has never provided Anthem consent to place prerecorded phone calls to his phone number for any reason.

24. Nonetheless, Anthem regularly placed prerecorded calls to his residential phone line.

25. For example, Savett received prerecorded phone calls from Anthem through the phone numbers (847) 916-6863 and (978) 703-2840.

26. Anthem's phone calls referred to the prior phone number subscriber by name and were not intended for Savett.

27. Multiple times, Savett informed Anthem that it had reached the wrong phone number and that the subscriber it was attempting to reach no longer owned it. Savett explicitly told Anthem that he did not want to receive calls from Anthem for any reason. Yet following each request, the calls continued. In total, Savett received at least 40 calls from Anthem without his permission or consent, including phone calls after repeated requests for Anthem to stop.

28. Anthem failed to take any steps or implement any policies and protocols to identify and scrub Savett's number from its database.

## CLASS ACTION ALLEGATIONS

29. Savett brings this action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of himself and a class of similarly situated individuals:

> All individuals in the United States who: (i) received more than one prerecorded call (ii) from Anthem (iii) on his or her telephone number (iv) after that telephone number had been reassigned.

The following people are excluded from the class: (1) any judge or magistrate presiding over this action and members of their families; (2) Anthem, its subsidiaries, parents, successors, predecessors, and any entity in which Anthem or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) the parties' counsel; and (6) the legal representatives, successors, and assigns of any excluded persons.

30. **Numerosity**: The exact size of the class is unknown and not presently available to Savett, but individual joinder is impracticable. On information and belief, hundreds of consumers fall into the class definition. Class members can be easily identified from Anthem's records or by comparing Anthem's records to commercially available databases.

31. **Commonality and Predominance**: Many common legal and factual questions predominate Savett's and class member's claims. These common questions predominate over any questions that may affect individual class members. Common questions for the class include but are not limited to the following:

    (a)  Whether Anthem placed prerecorded telephone calls to people who did not consent to receive them;

6

(b) Whether Anthem implemented proper policies or protocols to identify and scrub reassigned numbers from its database;

(c) Whether Anthem's conduct violated the TCPA; and

(d) Whether Plaintiff and class members are entitled to treble damages based on Anthem's willful conduct.

32. **Typicality**: Savett's claims are typical of class members' claims in that he and class members sustained damages arising out of Anthem's uniform wrongful conduct.

33. **Adequate Representation**: Savett will fairly and adequately represent and protect the interests of the class, and he has retained counsel competent and experienced in complex litigation and class actions. Savett's interests are the same as class members' in that his claims arise from the same misconduct and share the same essential characteristics as class members' claims. Savett has no interests antagonistic to class members, and Anthem has no defenses unique to Savett. Savett and his counsel are committed to vigorously prosecuting this action on behalf Savett and class members and have the financial resources to do so. Neither Savett nor his counsel has any interest adverse to class members' interests.

34. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Anthem has acted or refused to act on grounds generally applicable to the class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the class members and making final injunctive relief appropriate. Anthem's challenged practices uniformly apply to and affect class members, and Savett's challenge of those practices hinges on Anthem's conduct with respect to the class as a whole, not on facts or law applicable only to him.

35. **Superiority**: This case is appropriate for certification because class proceedings are superior to all other available methods for its fair and efficient adjudication. Class members

injuries are likely to have been relatively small compared to the burden and expense of individually prosecuting them. Absent a class action, it would be difficult, if not impossible, for class members to obtain effective relief from Anthem. Even if class members could sustain individual litigation, a class action is preferable because individual litigation would increase the delay and expense to all parties and to the Court and would require duplicative consideration of the legal and factual issues. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. A class action will ensure economies of time, effort, expense, and uniform decisions.

## CAUSE OF ACTION
### Violation of the TCPA, 47 U.S.C. § 227

36. Savett incorporates by reference the foregoing allegations as if fully set forth here.

37. Anthem placed prerecorded telephone calls to Savett's and the class members' residential telephone lines without their prior express consent.

38. By placing these calls to Savett and class members without their prior express consent, Anthem violated 47 U.S.C. § 227(b)(1)(B).

39. Because of Anthem's unlawful conduct, it repeatedly invaded Savett's and class members' personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in damages for each violation and an injunction requiring Anthem to stop its automated calling campaign.

40. To the extent this Court determines Anthem's misconduct to have been willful, this Court should treble any statutory damages under 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

WHEREFORE, Savett, individually and on behalf of the class requests the following relief:

A.  An order certifying the class, appointing him as class representative, and appointing his counsel as class counsel;

B.  An award of actual and statutory damages;

C.  An injunction requiring Anthem to cease all unsolicited telephone calling activities;

D.  An order requiring Anthem to permanently cease and desist from all unlawful conduct as alleged and otherwise protecting class members' interests;

E.  An award of reasonable attorneys' fees and costs; and

F.  Such other and further relief that this Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury.

Dated: February 3, 2018          Respectfully submitted,

                                             *s/Daniel R. Karon*
                                             Daniel R. Karon (0069304)
                                             Beau D. Hollowell (0080704)
                                             KARON LLC
                                             700 West St. Clair Ave., Suite 200
                                             Cleveland, Ohio 44113
                                             Phone: (216) 622-1851
                                             Fax: (216) 241-8175
                                             Email: dkaron@karonllc.com
                                             bhollowell@karonllc.com

                Benjamin H. Richman*
                EDELSON PC
                350 North LaSalle Street, 13th Floor
                Chicago, Illinois 60654
                Tel: (312) 589-6370
                Fax: (312) 589-6378
                Email: brichman@edelson.com

*Counsel for Plaintiff*

\**Pro hac vice* admission to be sought.